1  List of parties and counsel on signature pages.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC., a Nevada corporation,<br><br>      Plaintiff,<br><br> v.<br><br>TWITTER, INC., a Delaware corporation,<br><br>      Defendant.<br><br>VOIP-PAL.COM, INC., a Nevada corporation,<br><br>      Plaintiff,<br><br> v.<br><br>CELLCO PARTNERSHIP d/b/a/ Verizon Wireless, a Delaware corporation<br><br>      Defendant. | Case No. 5:18-cv-04523-LHK [Lead Case]<br><br>**DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFF'S COMPLAINTS**<br><br>**JURY TRIAL DEMANDED**<br><br><br>Case No. 5:18-cv-06054-LHK |

Defs.' Opposition to VoIP-Pal's Motion for
Leave to File a Sur-Reply
Case Nos. 18-cv-04523, -06054, -06177, -06217-LHK

| | |
|---|---|
| VOIP-PAL.COM, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T CORP, a Delaware corporation,<br><br>    Defendant. | Case No. 5:18-cv-06177-LHK |
| VOIP-PAL.COM, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Defendant. | Case No. 5:18-cv-06217-LHK |

This Opposition responds to Plaintiff VoIP-Pal's Administrative Motion for Leave to File a Sur-reply in Opposition to Defendants' Consolidated Motion to Dismiss ("Mot."). AT&T ECF No. 71. VoIP-Pal's Corrected Opposition ("Opp.") to Defendants' Motion to Dismiss is AT&T ECF No. 69, and Defendants' Reply ("Reply") is AT&T ECF No. 70.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff VoIP-Pal.com, Inc.'s ("VoIP-Pal") motion for leave to file a sur-reply should be denied because it is untimely under Civil L.R. 7-3(d)(1), it lacks merit as Defendants' Reply does not introduce new material evidence, and it attempts to introduce a *second* improper declaration from VoIP-Pal's technical expert.

VoIP-Pal's motion is untimely. The stated objective of VoIP-Pal's motion for leave is to file a "sur-reply" "for the limited purpose of addressing new and extrinsic evidence" raised in Defendants' reply. AT&T ECF No. 71-1 at 1. Under Civil L.R. 7-3(d)(1), "if new evidence has been submitted in the reply, the opposing party may file [an Objection to Reply Evidence] within 7 days after the reply is filed." Thus, the Local Rules provide a specific mechanism for responding to alleged new evidence—*i.e.*, the exact purpose VoIP-Pal articulates as the grounds for leave to file a Sur-Reply. Yet VoIP-Pal filed its motion for leave on March 13—13 days after Defendants' filed their Reply on February 28, and well beyond the March 7 deadline under Civil L.R. 7-3(d)(1).

The parties met and conferred on March 12 about VoIP-Pal's planned motion, and Defendants informed VoIP-Pal that its motion for leave and "sur-reply" are beyond the Civil L.R. 7-3(d)(1) time limit. VoIP-Pal identified no justification or good cause for being untimely, but nonetheless filed the motion on March 13, six days after the deadline. The Court should deny the motion as untimely under Civil L.R. 7-3(d)(1). *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1037 n.11 (N.D. Cal. 2011) (citing Civil L.R. 7-3(d)(1), the Court denied "Defendants requested leave to file objections to evidence cited by Volterra in support of its reply briefs").

VoIP-Pal attempts to skirt Civil L.R. 7-3(d)(1) by positioning its motion as a motion for administrative relief under Civil L.R. 7-11. But a Civil L.R. 7-11 administrative motion is not the

1  proper vehicle for VoIP-Pal's requested relief.  Civil L.R. 7-11 is reserved for "miscellaneous
2  administrative matters, not otherwise governed by a federal statute, Federal or *local rule* or
3  standing order of the assigned judge."  Civil L.R. 7-11.  Here, VoIP-Pal's motion is not
4  administrative—e.g., requesting to exceed page limits or file documents under seal—it is an
5  attempt to file an untimely Objection to Reply Evidence, which is governed by Civil L.R. 7-
6  3(d)(1).  VoIP-Pal's motion is thus improper under Civil L.R. 7-11.

7  The motion for leave also fails on the merits.  VoIP-Pal contends the YouTube video
8  depicting switchboard operators in the 1940s is new evidence.  Not so.  VoIP-Pal's Corrected
9  Opposition to Defendants' Motion to Dismiss questioned "the historical fact that telephone
10  operators routed calls in some fashion" for lacking foundation.  Opp. at 20.  In the Reply,
11  Defendants' noted that the historical fact is readily ascertainable and properly subject to judicial
12  notice, and as an example cited the YouTube video.  Reply at 9 ("*See, e.g.,* Telephone
13  Technology – 1940s–USA, YouTube, *available at*
14  https://www.youtube.com/watch?v=1801JMLNV9U.").

15  Defendants did not introduce the YouTube video as evidence in the proceeding.  Rather
16  the video was cited as an example demonstrating that the historical fact that telephone operators
17  routed calls is properly subject to judicial notice.  Courts often take judicial notice of historical
18  facts in deciding 12(b)(6) motions, and judicial notice is appropriate here.  *Affinity Labs of Tex.,*
19  *LLC v. DirecTV, LLC*, 109 F. Supp. 3d 916, 926 (W.D. Tex. 2015) ("taking judicial notice of
20  well-known, general historical observations was not error" and citing multiple cases where
21  Federal Circuit has made historical observations on 12(b)(6) motions), *aff'd*, 838 F.3d 1253 (Fed.
22  Cir. 2016).  Thus, the YouTube video is not evidence, and VoIP-Pal's motion for leave is inapt.

23  Irrespective of the merits, the YouTube video relates to Defendants' analogy of how
24  telephone operators routed calls, which merely illustrates the abstract nature of VoIP-Pal's
25  asserted claims.  As stated in the Reply, Defendants' "Motion does not depend on the Court's
26  acceptance of this analogy."  Reply at 8.

27  Notably, VoIP-Pal's motion for leave to file a sur-reply is a pretext to offer a *second*
28  improper expert declaration in opposition to Defendants' Consolidated Motion To Dismiss.  As

explained in Defendants' Reply, an expert declaration is not appropriate in opposition to a Rule 12 motion. Reply at 15. VoIP-Pal should not be allowed to use its proposed sur-reply as a means to introduce additional improper evidence.

Finally, VoIP-Pal's case citations are distinguishable. In *Landmark Screens, Ltd. Liab. Co. v. Morgan, Lewis & Bockius Ltd. Liab. P'ship*, the "[d]efendants did not cite . . . [a case] in their moving papers, but [] discuss[ed the case] extensively in their reply brief." No. 5:08-cv-02581-JF/HRL, 2010 U.S. Dist. LEXIS 95735, at *7 (N.D. Cal. Sep. 14, 2010). In *Altavion, Inc. v. Konica-Minolta Sys. Lab., Inc.*, the "reply brief posed new arguments and relied upon cases which had not been previously cited." No. C 07-06358 MHP, 2008 U.S. Dist. LEXIS 37768, at *2 n.1 (N.D. Cal. May 7, 2008). And VoIP-Pal's citation to *Sharper Image Corp. v. Consumers Union of United States, Inc.*, does not explain why a sur-reply was granted. Nos. 03-4094 MMC, 83, 208), 2004 U.S. Dist. LEXIS 23204, at *3 n.2 (N.D. Cal. Nov. 9, 2004) ("By order filed June 15, 2004, the Court granted Sharper Image leave to file a sur-reply"). In contrast to these cases, here there is no justification for a sur-reply. VoIP-Pal takes issue with a YouTube video that is cited once in a footnote regarding judicial notice and is not discussed in any detail. This is well short of introducing extensive discussion or new arguments. VoIP-Pal's citations are thus inapplicable.

## **CONCLUSION**

For at least the foregoing reasons, VoIP-Pal's motion for leave to file a sur-reply should be denied.

DATED: March 18, 2019

By: __/s/ Gene W. Lee__
      Gene W. Lee

PERKINS COIE LLP
Gene W. Lee (*pro hac vice*)
Thomas Matthew (*pro hac vice*)
30 Rockefeller Plaza 22nd Floor
New York, NY 10112-0015
Telephone: (212) 262-6900
Facsimile: (212) 977-1638
GLee@perkinscoie.com
TMatthew@perkinscoie.com

Sarah Stahnke (SBN 264838)
Amisha Manek (SBN 305163)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4489
SStahnke@perkinscoie.com
AManek@perkinscoie.com

*Attorneys for Defendant Twitter, Inc.*

By: __/s/ Megan S. Woodworth__
      Megan S. Woodworth

VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice*)
Megan S. Woodworth (*pro hac vice*)
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4569
Facsimile: (202) 344-8300
mswoodworth@venable.com
fccimino@venable.com

William A. Hector (SBN 298490)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755
WAHector@venable.com

*Attorneys for Defendant Cellco Partnership*

By: __/s/ Bryant C. Boren, Jr.__
      Bryan C. Boren, Jr.

BAKER BOTTS LLP
Bryant C. Boren, Jr.
1001 Page Mill Road, Bldg. One, St. 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7601
bryant.c.boren@bakerbotts.com

Wayne O. Stacy
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6206
Facsimile: (415) 291-6306
wayne.stacy@bakerbotts.com

*Attorneys for Defendant AT&T Corp.*

By: __/s/ Peter C. Magic__
      Peter C. Magic

DESMARAIS LLP
John M. Desmarais (SBN 320875)
Ameet A. Modi (*pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com

Peter C. Magic (SBN 278917)
pmagic@desmaraisllp.com
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

*Attorneys for Defendant Apple Inc.*

| | |
|---|---|
| 1 | Samir A. Bhavsar (*pro hac vice*) |
| | Morgan Grissum (*pro hac vice*) |
| 2 | 2001 Ross Avenue, Suite 900 |
| | Dallas, Texas 75201 |
| 3 | Telephone: (214) 953-6500 |
| | Facsimile: (214) 661-4581 |
| 4 | samir.bhavsar@bakerbotts.com |
| | morgan.grissum@bakerbotts.com |
| 5 | |
| | Lauren J. Dreyer (*pro hac vice*) |
| 6 | 1299 Pennsylvania Ave NW |
| | Washington, DC 20004 |
| 7 | Telephone: (202) 639-7700 |
| | Facsimile: (202) 639-7890 |
| 8 | lauren.dreyer@bakerbotts.com |
| 9 | *Attorneys for Defendant AT&T Corp.* |

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other Signatories to this document.

By: /s/ *Peter C. Magic*
Peter C. Magic (SBN 278917)
pmagic@desmaraisllp.com
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 18, 2019, a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil L.R. 5-1(h).

*/s/ Peter C. Magic*
Peter C. Magic